IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAY - 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Kenneth A. Hinton
    Plaintiff,

vs.

Corrections Corporation of America
    Defendant,

: Civil Action No. 1:08-cv-00312-RWR

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT WITH MEMORANDUM OF POINTS & AUTHORITIES AND AFFIDAVIT/DECLARATION

NOW COMES, the plaintiff, Kenneth A. Hinton who hereby submits his opposition to defendant's motion to dismiss plaintiff's verified complaint filed with this court on February 25, 2008. In support of this opposition the plaintiff hereby presents the following Memorandum of Points & Authorities; Affidavit/Declaration of Plaintiff, and all current pleadings now on file with this Honorable Court.

### STATEMENT OF POINTS & AUTHORITIES

This court must take "judicial notice" of the plaintiff's complaint that he has averred in "a short and plain statement of the grounds upon which the court's jurisdiction depends..." demand for judgment for relief the pleader seeks, pursuant to Fed. R.Civ. Prod. Rule 8, et seq. Moreover, each averment of the plaintiff's affidavit/declaration that was filed/submitted with his verified complaint was presented in a "simple, concise, and direct" statement of facts regarding his claims.

Whereas, at all times during the events of plaintiff being exposed and infected with the MRSA bacteria while in the custody of the defendant he was in imminent danger of personal injury to his health thus leaving him with irreparable injuries that he has now sustained from such malfeasance of the defendant.

Plaintiff at all times complied with the CCA/CTF grievance procedures regarding the available administrative remedies an inmate suffering from a "emergency health/medical injury" such as that for which the plaintiff encountered. At all times during the occurrence of plaintiff's exposure and being infected with the MRSA bacteria plaintiff was instructed by the CCA/CTF grievance officer that he needed to file a "Inmate Request To Staff" as a emergency medical request for treatment and examination of his medical and health

injuries. At no time during the circumstance of the plaintiff being subjected to the "unsafe, unreasonable conditions of exposure to MRSA" did he receive communication from the CCA/CTF grievance officer that he must exhaust his administrative remedies regarding his need for reasonable, diligent and expedient medical care for his infected injuries regarding being infected with the MRSA bacteria. At no time was plaintiff afforded with any inmate grievance forms to make such grievance pursuant to his numerous request to the CCA/CTF medical staff, the warden John Caulfield and the on duty grievance official.

WHEREAS, the defendant admits via the affidavit of Joyce Allen, CCA/CTF grievance officer that "during the implementation period, which includes the period when the plaintiff was held at CTF, inmates were only permitted to bypass Step One....." of the CCA Inmate/Resident Grievance process. At no time during this period was plaintiff ever informed of this circumstance via written institutional memorandum or verbal communication from appropriate CCA/CTF administrative officials.

As averred in the plaintiff's affidavit/declaration dated August 31, 2007, paragraph 4, plaintiff submitted numerous institutional inmate to staff grievances to the CCA/CTF staff and particulary the attention of the warden, John Caulfield regarding the nature and ongoing circumstance of the unhealthy, unsafe and unsanitary conditions for which he was exposed to that resulted in the imminent danger to the plaintiff's health and unreasonable exposure and being infected with the MRSA bacteria. Plaintiff followed all available "emergency remedy" procedures that was communicated to him by the CCA/CTF unit manager and nurse who assessed the plaintiff's need for emergency medical care. Plaintiff in accordance to the CCA/CTF Inmate/Resident Grievance Prodcedures for "Emergency Grievances" complied with the procedure for filing such grievance pursuant to page 6, paragraph L of the CCA/CTF Policy No. 14-5 as presented by defendant in its motion to dismiss. This court must take judicial notice of this factual basis that the plaintiff did comply with the CCA/CTF "Emergency Grievance" procedures, thus he did properly exhaust his administrative remedies available to him under the Prison Litigation Reform Act ("PLRA").

<u>PLAINTIFF MADE REASONABLE ATTEMPTS/EFFORTS TO EXHAUST HIS ADMINISTRATIVE REMEDIES PRIOR TO BEING TRANSFERRED & RELEASED FROM DETENTION</u>

Whereby, this court must take judicial notice of the fact that at all times while plaintiff was in the custody and care of defendant, plaintiff had made numerous reasonable attempts to file a regular grievance pursuant to CCA/CTF Policy No. 14-5, but due to the CCA/CTF capricious and non-responsiveness to plaintiff's requests for such forms to file his "Emergency Medical Grievance" and supplemental documents regarding his complaint was denied such grievance forms by the CCA/CTF grievance officer and medical staff due to other matters that were under review by the CCA/CTF officials, regarding plaintiff.

At all times during the "imminent danger" of being inflicted and unreasonably exposed to the MRSA superbug bacteria, plaintiff's informal channels of the CCA/CTF administrative remedy exhaustion requirement that was "inadequately provided to him" via communication verbally or written pursuant to 42 U.S.C. section 1997e(A), et seq. had been met and is sufficient to satisfy the PLRA precluded summary judgment. Lewis v. Gagne, 1281 F Supp 2d 429, 435 (N.D.N.Y. 2003).

Whereby, the averred allegations in the plaintiff's verified complaint in this case does not amount to the classic frivilous claim Congress sought to filter out in enacting the PLRA.

This court must take judicial notice of the fact that on or about August 22, 2008 while still receiving medical care and treatment for his injuries of having been exposed and infected with the MRSA superbug bacteria by CCA/CTF medical officials, plaintiff was transferred to another facility outside of the jurisdiction of CCA/CTF officials. As a result of this untimely and retalitory transfer during the pendency of plaintiff undergoing medical care and treatment his initial grievance filing to the CCA/CTF grievance officer went unanswered and non-responsive by the individual(s) delegated such authority to respond, resolve and rectify the plaintiff's grievance pursuant to his transfer and providing the CCA/CTF adequate info regarding his new address and contact information upon his release from that facility. Plaintiff attempted to further exhaust his administrative remedies through "formal and informal channels" after his transfer and to no avail of receiving any response from defendant due to their ongoing capricious and unreasonable beliigerence has nowled to this litigation upon the plaintiff now being released from imprisonment.

(Note: Pursuant to the CCA Inmate/Resident Grievance Procedures Policy No. 14-5, Page 5, "Only qualified health services staff are authorized to provide responses to any questions, disputes or complaints regarding medical care and treatment.)

(4)

Whereby, at all times during the pendency of the plaintiff having been in "imminent danger" of being unreasonably exposed and infected with the deadly MRSA superbug bacteria at CCA/CTF, there was ongoing circumstances in which the plaintiff's attempt to exhaust his remedies through the administrative remedy process at CCA/CTF was thwarted by the disinformation, miscommunication, inaction and neglect of the delegated grievance officials responsibility to provide the plaintiff updated Inmate/Resident Handbook, and/or institutional memorandum regarding its changes and/or modifications to the inmate grievance procedures, particularly, regarding "emergency medical grievance procedures".

For instance a " plaintiff may proceed despite nonexhaustion where he has been 'led to believe by prison officials that his alleged incident was not a "grievance matter" and assured that his claims were otherwise investigated,'" (quoting O'Conner v. Featherston, No. 01-Civ-3251, 2002 WL 818085, 2 (S.D.N.Y. Apr. 29, 2002).

Similarly, nonexhaustion will not bar a claim "where a plaintiff has been led to believe that administrative remedies were unavailable," Rivera v. Goord, 253 F Supp 2d 735, 746 (S.D.N.Y. 2003).

In similar vein, courts in the past have held that "an inmate's technical failure to exhaust administrative remedies before commencing a section 1983 action may be excused where officials prevented him from utilizing a grievance procedure," Arnold v. Goetz, 245 F Supp 2d 527, 537 (S.D.N.Y. 2003).

## CONCLUSION

Wherefore, this court should take notice from his verified complaint and attached affidavit/declartion that he has provided this honorable court with factual evidence that he complied with the PLRA exhaustion requirements that was capriciously with bad faith provided to him in contrary to pertinent CCA/CTF policy and procedures regarding the plaintiff's claims. In addition, Plaintiff affirmatively has demonstrated that Defendant (CCA/CTF) failed and neglected to adhere to its own policy and procedures in addressing the plaintiff's request for proper exhaustion of any administrative remedies afforded to him upon being transferred to another facility and later released from imprisonment. As averred in the plaintiff's verified complaint

and in his attached affidavit/declaration pursuant to all averments of the plaintiff's verified complaint, this court must take judicial notice of the facts that plaintiff made every attempt to comply with the CCA/CTF administrative remedy exhaustion concerns. As stipulated in the CCA Inmate Resident Grievance Procedure Policy No 14-5, "only quailfied health services staff are authorized to provide responses to any questions, disputes or complaints regarding medical and treatment". See CCA Policy No. 14-5, Page 5 (note regarding this issue). Whereby, as a result of the plaintiff being subjected to "imminent physical danger" and "irreparable harm/injuries" as a direct result of his unsafe, unreasonable and unjust exposure and being infected with the MRSA deadly superbug bacteria this court should deny the defendant's dismissal of his verified complaint, due to the defendants failure and neglect to adequately communicate and provide the plaintiff with the pertinent information and forms to file his grievance pursuant to any "modifications and changes" that the defendant some how alludes that they implemented regarding all alleged averments of the duration of the incident complained about regarding the plaintiff's health concerns.

    Wherefore, this Court further has plenary jurisdiction over the plaintiff's "state law tort claims" for his claims of negligence, bad faith, breach of care/duty regarding the plaintiff's personal injuries. This court must accept the plaintiff's pendent state law claims per the D.C. Code/Statute for litigation on all averments of the plaintiff's verified complaint. This court has subject matter jurisdiction of the plaintiff's section 1983 claims and must take judicial notice that he has established a state and/or D.C. Law action under color of D.C. Law by proving in his pleadings and affidavit that he fully participated in all available exhaustion requirements of his administrative remedy procedures as provided to him by the defendant. In conclusion, this honorable court should not dismiss the plaintiff's complaint due to the fact that he is "not" subjected to the PLRA statute due to being transferred to another facility and now being released as a prisoner. Plaintiff's claims should proceed with a trial by jury on all claims.

Dated: May 1, 2008                              Respectfully submited,
                                               Kenneth A. Hinton/ Plaintiff

*/s/ Kenneth A. Hinton*

AFFIDAVIT/DECLARATION OF KENNETH A. HINTON
Pursuant to 28 U.S.C. 1746, et seq.

RE: Kenneth A. Hinton   v.   Corrections Corporation of America

I hereby certify and declare that the foregoing is true and correct under penalty of perjury to the best of my knowledge and recollection.

From on or about May 20, 2007 I was detained and held in the custody of Corrections Corporation of America ("CCA") C2B housing unit.

From on or about May 28, 2007 until June 8 2007 I was housed on the C2b housing unit without being provided adequate and sufficient cleaning supplies, disinfectants or sanitation solvents as to were I could clean and sanitize my cell and the living area where I and other inmates congregated.

On numerous occassions from May 28, 2007 until August 22, 2007 I submited numerous "Institutional Inmate Grievances" to the CCA/CTF staff and particulary to the attention of John Caulfield, Warden regarding the unhealthly, unsafe and unsanitary conditions for which I and other inmates were exposed to as a proximate result of not being provided requested cleaning supplies and disinfectants to clean our cells and unit, thus resulting in me being exposed to MRSA.

On or about May 30, 2007 I reported to the CCA/CTF medical staff that I was experiencing complications from a sore on my upper left thigh. I submitted numerous medical request via the institutional mail to be seen by a physician. My requests went unattended and I further encountered more severe complications of swelling and infectious discharge from my upper thigh. From on or about May 30th to June 8th I received no medical attention or medication to help alleviate my pain and suffereing, from "Methicillin Resistant Staphycoccus Aureoa".

On or about June 11, 2007 I was later diagnosed with having been infected and exposed to the "superbug bacteria" MRSA. I had to wait an additional week to receive the needed treatment to remove the MRSA due to the fact that CCA/CTF medical/health unit did not have the required scalpel's available to perform the requisite I&D (incision and discharge procedure).

As a proximate result of the delayed treatment I suffered with unreasonable pain, anxiety, insomnia, stress and trauma. I had to undergo extensive treatment which involved having my thigh packed with medication and sterile gauze for over five weeks. I was further still subjected to more exposure to MRSA due to ongoing non-responsive action of the CCA/CTF staff and officials inaction to remedy the deficiency of inadequate sanitation supplies being provided to me and other inmates.

At all times during this ordeal I notified the Warden, John Caulfield via "inmate request to staff" forms and grievances that were logged with the designated CCA/CTF Grievance Officer, Ms. Allen. Due to my transfer to FCC Petersburg from CCA/CTF I was not allowed to bring my "only copies" of such grievances with me.

Dated: August 31, 2007               Signed: /s/ Kenneth A. Hinton
                                             Kenneth A. Hinton

*MRSA - Methicillin Resistant Staphycoccus Aureoa
       (a/k/a: The Superbug Bacteria)

(6)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Opposition to the Defendant's Motion to Dismiss was served via First Class, U.S. Mail, postage prepaid, on this 1st day of May 2008, and such document was mailed to the Clerk of this Court, and to the Defendant's attorney of record, Daniel P. Struck, Esq., et al.

Signed: _____
Plaintiff, Pro se

cc: File
    G. Lattimer, Esq.